# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| In re:  ARIC SVEN, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| LANA LeMONS, | ) | No.  06-3117 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | )Appeal from the | |
| ARIC SVEN, | )U.S. Bankruptcy Court | |
| | )Central District of Illinois | |
| Appellee. | )Hon. Mary Gorman, presiding | |
| | )Bankruptcy Case No. 05-74660 | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Lana LeMons appeals from the denial of her Motion to Vacate the discharge and to extend the time to file a complaint to determine the dischargeability of her claim in Aric Sven's Chapter 7 bankruptcy.  For the reasons set forth below, the decision of the Bankruptcy Court is AFFIRMED.

## STATEMENT OF FACTS

On March 1, 2005, Sven was convicted in Lake County, Illinois,

Circuit Court of the crime of Child Pornography in violation of 720 ILCS 5/11-20.1(a)(1)(vii) (Conviction).  Record on Appeal (d/e1) (Record), Part 2, Item 33, Motion to Vacate Discharge and Extend Time to File Complaint Excepting Debt From Discharge (Motion to Vacate), ¶ 5.  His conviction was based in part on his installation of pinhole cameras in bathrooms in certain residences in Richmond and Antioch, Illinois, and subsequent videotaping of LeMons and her daughter partially or fully nude.  LeMons, on behalf of herself and her daughter, sued Sven in Lake County, Illinois, Circuit Court, for this tortious conduct.  Id., ¶ 1.

While LeMons' civil action was pending, Sven filed a Chapter 7 bankruptcy petition in this District on September 2, 2005.  Record, Part 1, Item 2, Voluntary Petition.  Sven listed LeMons and her daughter as contingent unsecured creditors.  Record, Part 1, Item 7, Schedule F, Creditors Holding Unsecured Nonpriority Claims.  On September 4, 2005, a Notice was sent to all creditors in Sven's bankruptcy, including LeMons and her daughter.  Record, Part 1, Item 3, Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (Notice).  The Notice stated that the First Meeting of Creditors would be held on September 28, 2005.  See 11 U.S.C. § 341 (The Meeting of Creditors is also referred to as a 341

meeting).  The Notice also stated in a separate box:

**Deadlines:**
Papers must be *received* by the bankruptcy clerk's office by the
following deadlines:

**Deadline to File Complaint Objecting to Discharge of the
Debtor *or* to Determine Dischargeability of Certain
Debts: 11/27/05**

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of
creditors.

<u>Id.</u> (emphasis in the original).  A complaint objecting to discharge seeks to

deny the debtor a discharge completely so that he owes all debts as if he had

not filed bankruptcy.  11 U.S.C. § 727.  A complaint to determine

dischargeability of certain debts does not seek to deny the discharge

completely; rather, this type of action seeks a determination that the debtor

still owes a specific debt after receiving a discharge in bankruptcy because

the debt fits within an exception to the discharge.  11 U.S.C. § 523.  A

complaint brought under § 523 is also called a non-dischargeability

complaint.  An objection to exemptions challenges the debtor's claim that

certain property is exempt from use to pay creditors' debts.  11 U.S.C. §

522.

　　　　LeMons' claim and her daughter's claim against Sven, if proven, would

have resulted from Sven's intentional conduct; if so, Sven's obligations to her and her daughter could have been declared non-dischargeable as an exception to his discharge as a debt arising from willful and malicious conduct.  11 U.S.C. § 523(a)(6).  Thus, the Notice informed LeMons that she had until November 27, 2005, to file a non-dischargeability complaint on behalf of her daughter and herself.  The deadline to file non-dischargeability complaints under § 523(a)(6) is sixty days after the date first set for the Meeting of Creditors.  Bankruptcy Rule 4007(c).[1] November 27, 2005, is sixty days after the date first set for that meeting, September 28, 2005.  To extend the sixty-day period, a creditor or party in interest must file a motion to extend before the deadline expires.  Id.  The deadline for filing complaints to deny discharge under § 727 is subject to a similar sixty-day filing deadline.  Bankruptcy Rule 4004(a).

Neither Sven, LeMons, nor any other creditor showed up at the Meeting of Creditors on September 28, 2005.  Sven was incarcerated at that time serving his sentence on the Conviction.  The Meeting was continued

---

[1]Only certain types of non-dischargeability actions are subject to the sixty-day filing deadline, including those for claims arising from willful and malicious conduct.  11 U.S.C. § 523(c); Bankruptcy Rule 4007(c).  The references in this Opinion to filing deadlines for non-dischargeability actions is limited to those non-dischargeability actions listed in § 523(c) that are subject to the sixty-day deadline.

to October 26, 2005.

On October 20, 2005, the Chapter 7 Trustee, James R. Inghram, filed a Motion entitled, "Motion to Extend the Date of Discharge and Date to Object to Debtors' [sic] Claim of Exemptions"(Trustee's First Motion). <u>Record</u>, Part 1, Item 10.  The body of the Trustee's First Motion states:

> NOW COMES James R. Inghram, Trustee, and respectfully moves that the Date of Discharge and the date to object to the debtor's claim of exemptions in Schedule C be extended to December 26, 2005 for the reason that the 341 Meeting previously scheduled for September 28, 2005, has been continued to October 26, 2005.
>
> WHEREFORE, Trustee prays the date of discharge and the date to object to debtor's claim of exemptions in Schedule C be extended to December 26, 2005.

<u>Id.</u>  The Bankruptcy Court's Docket described the Trustee's First Motion as a "Motion to Extend/Shorten Time *Date of Discharge and Date to Object to Debtor's Claim of Exemptions* Filed by Trustee James R. Inghram."  <u>Record</u>, Part 1, Item 1, <u>Docket Report</u>.

The Bankruptcy Court entered an Order allowing the Trustee's First Motion.  <u>Record</u>, Part 1, Item 11, <u>Order entered October 26, 2005</u>.  The October 26, 2005, Order stated, in part:

> On October 20, 2005, Trustee, James R. Inghram filed the motion(s) marked below with an X:

5

X     Motion to extend time to file a complaint objecting to discharge of the debtor.

Motion to extend time to file a complaint to determine dischargeability of certain types of debt.

It appearing that the time to file such complaint(s) should be extended; and no adverse interest appearing, and no notice being necessary or required; and the Court finding that such extension will work no hardship upon the Debtor, but will give the Trustee fuller opportunity to investigate the affairs of the Debtor;

NOW, THEREFORE, IT IS ORDERED that the deadline to file complaint(s) marked below with an X is hereby extended to December 26, 2005.

X     Complaint objecting to Discharge of the Debtor

Complaint to Determine Dischargeability of certain types of debt

Id.  On October 26, 2006, Inghram again attempted to hold the Debtor's Meeting of Creditors, but again, neither Sven nor any creditor appeared. The meeting was continued to November 23, 2005.

On November 16, 2005, the Trustee filed a second motion entitled "Motion to Extend the Date of Discharge and Date to Object to Debtors' Claim of Exemptions" (Trustee's Second Motion).  Record, Part 1, Item 13. Like the Trustee's First Motion, the Trustee's Second Motion asked for an extension of the date of Sven's discharge and the date to object to his

exemption claims.  The body of the Trustee's Second Motion stated,

> NOW COMES James R. Inghram, Trustee, and respectfully moves that the Date of Discharge and the date to object to the debtor's claim of exemptions in Schedule C be extended for a period of 60 days for the reason that the Debtor's 341 Meeting originally scheduled for September 28, 2005, has been continued to November 23, 2005.
>
> WHEREFORE, Trustee prays the date of discharge and the date to object to debtor's claim of exemptions in Schedule C be extended.

Id.  The Bankruptcy Court's Docket described the Trustee's Second Motion as a, "Motion to Extend/Shorten Time *Date of Discharge* Filed by James R. Inghram on behalf of James R. Inghram."  Record, Part 1, Item 1, Docket Report.

On November 17, 2005, the Bankruptcy Clerk's office sent Inghram a Notice.  Record, Part 1, Item 14, Notice dated November 17, 2005.  This Notice stated, in part, "Please submit an Order on your Motion to Extend the date of discharge and date to object to Debtors' Claim of Exemptions with exact dates".  Id.  Inghram did not file a proposed order, and no order was ever entered ruling on the Trustee's Second Motion.

On November 23, 2005, neither Sven nor any creditor appeared at the Meeting of Creditors.  Sven was still incarcerated.  On November 28, 2005,

Inghram filed a Motion to Dismiss Sven's bankruptcy for Sven's failure to appear at the Meeting of Creditors.  Record, Part 1, Item 15, Motion to Dismiss for Failure to Appeal at 341 Meeting (Trustee's Third Motion). The Court held a hearing on the Trustee's Third Motion on December 13, 2005, and continued the matter.  Record, Part 1, Item 1, Docket Sheet, Minute Entry dated December 13, 2005.

Inghram finally held the Meeting of Creditors on January 11, 2006. Sven appeared telephonically.  Inghram did not give notice of this Meeting because no creditors had appeared at the previous settings for the Meeting of Creditors.  The Court conducted a telephonic hearing in the bankruptcy proceeding on January 12, 2006.  At that time, the Court allowed Inghram to withdraw the Trustee's Third Motion.  Record, Part 1, Item 1, Docket Sheet, Minute entry entered on January 12, 2006.

The Court entered the discharge for the debtor on February 1, 2006. Record, Part 2, Item 27, Discharge of Debtor (Discharge Order).  On February 3, 2006, Inghram filed a Motion entitled "Motion to Vacate Order Discharging Debtor and Extend Date for Objection to Debtor's Discharge"(Trustee's Fourth Motion).  Record, Part 2, Item 28.  Inghram stated that creditors did not receive notice of the January 11, 2006, Meeting

of Creditors and Sven had not provided certain information that he requested.  On February 28, 2006, the Court held a hearing on the Trustee's Fourth Motion.  At that time, Inghram asked to withdraw the Trustee's Fourth Motion.  <u>Docket Sheet</u>, <u>Minute Entry on February 28, 2006</u>.  The Bankruptcy Court entered an Order on March 1, 2006, allowing the withdrawal.  <u>Record</u>, Part 2, Item 32, <u>Order entered March 1, 2006</u>.

On March 10, 2006, LeMons filed the Motion to Vacate.  <u>Record</u>, Part 2, Item 33, <u>Motion to Vacate</u>.  She argued that the Trustee's Second Motion was still pending.  She characterized the Trustee's Second Motion as a motion "to extend or shorten time to file objections to discharge or complaints excepting debt from discharge."  <u>Id.</u>, ¶ 14.  She also argued that she was not given the required notices of the January 11, 2006, Meeting of Creditors.  She argued that Bankruptcy Rule 2002(a) and (f) required twenty days notice to creditors of the Meeting of Creditors.  She also argued that Bankruptcy Rule 4007(c) required at least thirty days notice to creditors of the time fixed for filing a complaint to determine dischargeability.  <u>Id.</u>, ¶¶ 15-16.  She argued, therefore, that she:

> had reason to believe and to expect based on the items listed on
> the Court's Docket Report that they would receive at least 20
> days prior notice of the rescheduled Section 341 meeting and

then at least 30 days prior notice of the new deadline for filing
a Section 523 Complaint as requested by the Chapter 7 Trustee
on November 16, 2005.

<u>Id.</u>, ¶ 17.[2]  LeMons asked the Bankruptcy Court to vacate the discharge and

extend the time to file her non-dischargeability complaint.

The Bankruptcy Court held a telephonic hearing on the Motion to

Vacate on April 5, 2006.  At the hearing, LeMons argued that the Court had

authority under Bankruptcy Rules 9023 or 9024 to vacate Sven's discharge

and extend the time to file her complaint to determine the dischargeability

of her claim and the claim of her daughter.  <u>See</u> <u>Record</u>, Part 2, Item 37,

<u>Opinion entered May 4, 2006 (Opinion)</u>, at 5.  Bankruptcy Rules 9023 and

9024 make Federal Rules of Civil Procedure 59 and 60 applicable to

bankruptcy proceedings.  At the end of the hearing, the Court took the

matter under advisement.

<u>THE BANKRUPTCY COURT'S OPINION</u>

On May 4, 2006, the Bankruptcy Court entered an Order and

Opinion denying the Motion to Vacate.  <u>Record</u>, Part 2, Items 37, <u>Opinion</u>

---

[2]LeMons argued that the Bankruptcy Court had authority under Bankruptcy Code
§ 105(a) to vacate Sven's discharge and extend the time to file complaints to determine
the dischargeability of their debts.  <u>Motion to Vacate</u>, ¶ 19.  <u>See</u> 11 U.S.C. § 105(a). The
Bankruptcy Court rejected this argument.  <u>Opinion</u>, at 10.  LeMons does not appeal this
aspect of the Opinion.  <u>See</u> <u>Disch v. Rasmussen</u>, 417 F.3d 769, 778 (7th Cir. 2005).

entered May 4, 2006, and Item 38, Order entered May 4, 2006.  The Bankruptcy Court found no basis for setting aside the Discharge Order. The Bankruptcy Court also found no authority under the facts of this case to extend the time to file non-dischargeability complaints under § 523 even if the Discharge Order was set aside.

The Bankruptcy Court rejected the argument that Bankruptcy Rules 9023 and Rule 59 provide authority for the requested relief.  Motions to alter or amend a judgment under Rule 59 must be filed within ten days of the order at issue.  The Bankruptcy Court entered the Discharge Order on February 1, 2006, but LeMons did not file the Motion to Vacate until March 10, 2006, long after the ten-day period elapsed.  Opinion, at 6.

The Bankruptcy Court next considered the possibility of relief under Bankruptcy Rule 9024 and Rule 60(b)(1).  The Bankruptcy Court stated that LeMons needed to show that the Discharge Order was entered because of mistake, inadvertence, surprise, or excusable neglect, and that LeMons had a meritorious defense.  Id., at 7.  The Court determined that LeMons did not have a meritorious defense to Sven's discharge because the time to file non-dischargeability complaints expired on November 27, 2005, and the Bankruptcy Court lacked authority in this case to extend that deadline.  Id.,

at 9-10.

The Bankruptcy Court further found no reasonable explanation for LeMons' failure to file a non-dischargeability complaint in a timely fashion. The Bankruptcy Court rejected LeMons' claim that the October 26, 2005, Order was vague and indicated that the deadline was extended to December 26, 2005.  The Bankruptcy Court stated that the Order only extended the time to file complaints to deny discharge under § 727, not to extend the time to file non-dischargeability complaints under § 523.  The Court also noted that, even if the Order was vague, LeMons did not act by December 26, 2005, so the argument was moot.  Id., at 10.

The Bankruptcy Court also rejected LeMons' argument that the continuation of the Meeting of Creditors entitled her to notice of a new deadline for the time to file non-dischargeability complaints.    The Bankruptcy Court stated that the deadline was based on the time first set for the Meeting of Creditors; continuances of the Meeting of Creditors did not change the deadlines.  Id., at 11.  The Bankruptcy Court saw no justification for LeMons' failure to act to protect her interests and her daughter's interests:

For reasons unknown to the Court, the victims and their

12

attorneys took no action to preserve the victims' rights in this case. Although they received timely notice of the deadlines, the victims never filed their complaints, nor did they seek extensions of time to do so. No attorney ever entered an appearance on their behalf until after the discharge was entered. There is no basis to grant the victims the relief which they seek.

Opinion, at 11. LeMons now appeals this decision.

## ANALYSIS

LeMons claims that the Bankruptcy Court erred in not granting her the relief she sought under Bankruptcy Rule 9024 and Rule 60(b). She argues that the Bankruptcy Court: (1) erred in finding that it had no authority to extend the time to file non-dischargeability complaints; (2) erred in finding no excusable neglect; and (3) abused its discretion in denying the Motion to Vacate.

This Court reviews the Bankruptcy Court's factual determinations for clear error only. Bankruptcy Rule 8013. A factual finding is clearly erroneous if on reviewing the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." Matter of Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994). The Court reviews the Bankruptcy Court's legal conclusions de novo. Matter of Sheridan, 57 F.3d 627, 633 (7th Cir. 1995). Decisions within the discretion of the Bankruptcy

Court may only be reviewed for an abuse of discretion.  A decision is an abuse of discretion only if no reasonable person could agree with the Bankruptcy Court.  See In re Morris, 223 F.3d 548, 554 (7th Cir. 2000). Under these standards of review, the Court finds no basis to reverse the Bankruptcy Court's decision.

LeMons asked the Bankruptcy Court to: (1) vacate the Discharge Order, and (2) extend the time to file non-dischargeability complaints. Because she filed the Motion to Vacate more than ten days after the entry of the Discharge Order, the request to vacate the Discharge Order was governed by Bankruptcy Rule 9024 and Rule 60(b).  Rule 60(b) authorizes the Court to give a party relief from a judgment or order on the following grounds:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4)   the judgment is void;
(5)   the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has be reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6)   any other reason justifying relief from the operation of the

judgment.

Fed. R. Civ. P. 60(b); Bankruptcy Rule 9024.  LeMons argues that the Bankruptcy Court should have vacated the Discharge Order because her actions constituted excusable neglect under Rule 60(b)(1).

LeMons also argues that Rule 60(b) authorized the Bankruptcy Court to extend the deadline to file non-dischargeability complaints.  This is incorrect.  Rule 60(b) authorizes the Court to give relief from an order or judgment.  The deadline to file non-dischargeability complaints, however, is set by Rule.  Bankruptcy Rule 4007(c) states that such complaints must be filed no later than 60 days after the first date set for the Meeting of Creditors, but may be extended by the Court for cause, after Notice and a hearing, if the motion to extend is filed before the deadline has expired.[3] Because the deadline was set by Rule rather than order, Rule 60(b) and

---

[3]Bankruptcy Rule 4007(c) provides:

c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, or chapter 12 family farmer's debt adjustment case; notice of time fixed

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).  The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired.

Bankruptcy Rule 9024 do not apply.

The filing deadlines for non-dischargeability complaints and complaints to object to discharge are procedural bars akin to statutes of limitations, at least prior to the entry of the discharge order. In re Kontrick, 295 F.3d 724, 733 (7th Cir. 2002), aff'd, 540 U.S. 443, 444 (2004); Disch, 417 F.3d at 776. As such, the deadline is subject to equitable defenses. For example in Kontrick, the debtor waived his right to object to a late-filed claim. Kontrick, 295 F.3d at 735. In Disch, the late amendment to a timely-filed action was allowed because the amendment related back to the original claim under Bankruptcy Rule 7015, which incorporates, by reference, Federal Rule of Civil Procedure 15(a). Disch, 417 F.3d at 776. The issue is, thus, whether the Bankruptcy Court erred in finding no grounds to avoid or toll the Rule 4007(c) deadline.

The question of whether to vacate the Discharge Order depended, in part, on the question of whether grounds existed to avoid or toll the Rule 4007(c) deadline. Relief under Rule 60(b) will not be granted unless the moving party has a meritorious claim. Ellingsworth v. Chrysler, 665 F.2d 180, 184 (7th Cir. 1981). If no grounds existed to avoid the Rule 4007(c) deadline, then vacating the discharge would be a futile act because LeMons

16

and her daughter would not have a meritorious claim. Sven's bankruptcy would be reopened, but LeMons and her daughter would still be barred from bringing their non-dischargeability complaints. This Court will therefore address first, whether the Bankruptcy Court erred in finding that it had no authority in this case to extend the time to file non-dischargeability complaints. The Court will then address whether the Bankruptcy Court erred in failing to vacate the Discharge Order.

A.    Extension of the Rule 4007(c) Deadline

The Bankruptcy Court ruled that the Rule 4007(c) deadline could not be extended under the facts of this case. Opinion, at 9-10. This finding is not clearly erroneous. The date first set for the Meeting of Creditors was September 28, 2005; thus, the deadline to file non-dischargeability complaints was sixty days later on November 27, 2005. Bankruptcy Rule 4007(c). LeMons received proper notice of the filing deadline. LeMons was entitled to at least thirty days notice of the deadline for filing non-dischargeability complaints. Id. The Notice, which informed her of the deadline, was issued on September 4, 2005, some eighty-four days earlier. She received far more than thirty days notice.

No one filed a motion to extend this deadline. LeMons argues that

the Trustee's First and Second Motions and the Bankruptcy Court's October 26, 2005, Order gave her the impression that the deadline was extended. The Court has reviewed these Motions and the October 26, 2005, Order and sees no reason why these documents would have given LeMons, or her counsel, that impression. The Trustee only asked to extend the discharge and to extend the deadline for filing objections to exemption claims. The Trustee's First and Second Motions nowhere mention non-dischargeability, complaints to determine the dischargeability of any debt, any similar phrase, or § 523.[4] The October 26, 2005, Order, quoted above, only extended the time to file complaints to object to discharge. The Order stated that the deadline for filing the type of complaint marked with an "X" was extended. Only complaints to object to discharge were marked with an "X". The option of complaints to object to dischargeability on the Order form was left blank. The Order did not extend the time to file non-

---

[4]LeMons' Motion to Vacate, for some reason, mischaracterized the Docket Entry describing the Trustee's Second Motion. The Motion to Vacate states that the Docket Entry described the Trustee's Second Motion as a Motion "to extend or shorten time to file objections to discharge or complaints excepting debt from discharge". Motion to Vacate, ¶ 14. As quoted above, the Docket Entry described the Trustee's Motion as a Motion to Extend/Shorten Time Date of Discharge. Record, Part1, Item 1, Docket Report. The Docket Entry does not mention complaints excepting debt from discharge. Regardless, if LeMons or her counsel had read the actual Motion, the relief sought would have been apparent. The Trustee's Second Motion simply did not seek an extension of the deadline to file non-dischargeability complaints.

dischargeability complaints.  The filing deadline for non-dischargeability complaints under § 523(a)(6), thus, remained November 27, 2005. LeMons failed to act by that deadline.

Nothing in the record shows an equitable basis for avoiding or tolling the filing deadline.  There is no indication of any waiver of the deadline by Sven, as was the case in <u>Kontrick</u>.  Sven is actively participating in this appeal and objects to extending LeMons' time to file.  <u>See</u> <u>Appellee's Brief</u>, at 12-13 (d/e 10).  The relation-back rules that applied in <u>Disch</u> do not apply here since LeMons never filed a timely complaint.

LeMons has not identified any other factors that would justify avoiding or tolling of the filing deadline.  Equitable tolling, for example, applies when a plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine information essential to bringing a complaint.  <u>Soignier v. American Bd. of Plastic Surgery</u>, 92 F.3d 547, 553 (7th Cir. 1996).  LeMons, however, had all the necessary information to file a non-dischargeability complaint.  LeMons knew she and her daughter had claims against Sven pre-petition and knew the facts and circumstances of those claims that could render them non-dischargeable.  She knew Sven had filed bankruptcy.  LeMons and her daughter were listed as creditors and

received the Notice issued on September 4, 2005.  She therefore knew she had to file a non-dischargeability complaint by November 27, 2005.  She knew everything she needed to act to protect her interests and her daughter's interests, but she did not act.  No equitable tolling would apply.

Equitable estoppel also would not apply to toll the deadline.  Equitable estoppel would only apply if Sven had taken active steps to prevent LeMons from filing a non-dischargeability complaint.  Id., at 554.  Sven did nothing to try to stop LeMons from filing a non-dischargeability action.  LeMons argues that Sven delayed the bankruptcy proceedings by failing to file documents at the proper time and in the proper form, and by failing to appear several times at the scheduled Meetings of Creditors.  None of Sven's failings, however, related to LeMons and her daughter's claims.  Sven listed them as creditors and they received the Notice in a timely fashion.  LeMons, thus, knew that she needed to file a non-dischargeability complaint to have her claim and her daughter's claim excepted from Sven's discharge as willful and malicious conduct.  She also knew from the Notice that she needed to file the non-dischargeability complaint by November 27, 2005.  Nothing Sven did, or failed to do, misled LeMons or affected her ability to file a non-dischargeability action.

LeMons also argues that she was entitled to further notices of the filing deadline because Sven's meeting of creditors was continued.  This is incorrect.  The deadline is sixty days after the date first set for the Meeting of Creditors.  The language of Rule 4007(c) ties the deadline to the date first set for the Meeting of Creditors.  A continuance of the Meeting of Creditors does not change the date that the meeting was first set, and so, does not change the deadline for filing non-dischargeability complaints.  See In re Gordon, 988 F.2d 1000, 1001 (9th Cir. 1993).  Because the deadline did not change, no further notice was necessary.

LeMons argues that the October 26, 2005, Order was vague and extended the time to file non-dischargeability actions.  This Order was not vague; it extended the time to file objections to discharge under § 727 to December 26, 2005, but did not extend the time to file non-dischargeability complaints.  Even if the Order was vague, a confused reader, at worst, would mistakenly believe that the deadline to file non-dischargeability complaints had been extended to December 26, 2005.  Such confusion might, under some conditions, provide a basis for equitably tolling the deadline until December 26, 2005.  LeMons, however, did not file anything in Sven's bankruptcy until March 10, 2006, long after the supposed December 26,

2005, extension had passed.  The October 26, 2005, Order provides no basis for tolling the filing deadline to March 2006.

LeMons states that she and her counsel further relied on the fact that the Court directed Inghram to submit a proposed order on the Trustee's Second Motion, but he never did so.  The Court fails to see how the failure to rule on the Trustee's Second Motion justifies tolling the deadline for filing non-dischargeability complaints.  As explained above, the Trustee's Second Motion did not ask to extend the deadline to file non-dischargeability complaints, so the Court's instruction to Inghram to submit an order should not have given her the impression that an extension of the deadline was forthcoming.  Also, when the November 27, 2005, deadline was approaching and no proposed order had been submitted, LeMons should have done something to protect her interests and her daughter's interests.[5]  Indeed, the question that bewildered the Bankruptcy Court, and now this Court, is why LeMons or her counsel failed to act to protect her interests and her daughter's interests.  The fundamental purpose of

---

[5]If one accepts LeMons' argument that the October 26, 2005, Order was vague, then, arguably, the deadline may have been equitably tolled until December 26, 2005. Even if that were true, LeMons should have acted to protect her interests and her daughter's interests before that date.

procedural bars, such as statutes of limitations or the Rule 4007(c) filing deadline, is to encourage prompt filing of actions and to discourage parties from allowing claims to lie dormant.  See Stephan v. Goldinger, 325 F.3d 874, 876 (7th Cir. 2003); Shanoff v. Illinois Dept. Of Human Services, 258 F.3d 696, 703 (7th Cir. 2001).

Last, LeMons argues that the Bankruptcy Clerk made several notations on the Docket that were not available to the public, and that these notations somehow either created confusion or extended the Rule 4007(c) filing deadline.  The Bankruptcy Court Clerk made notations on the Docket for its own purposes.  These notations are not orders of the Bankruptcy Court and so did not extend any deadline.  These notations, further, were not available to the public.  LeMons has supplemented the record with copies of the publically available Docket Reports which do not contain these notations.  Appellant's Motion for Leave to Supplement the Record on Appeal (d/e 3), Exhibits A-K, Docket Sheets.  Because the notations were not available to the public, they did not confuse LeMons or anyone else, and LeMons did not rely on them to her detriment.  The non-public notations are not a basis for tolling or avoiding the deadline for filing non-dischargeability actions.  The Bankruptcy Court's finding that the

deadline to file non-dischargeability complaints could not be extended in this case was not clearly erroneous.

B.   Vacating the Discharge Order

The Bankruptcy Court also did not abuse its discretion in refusing to vacate the Discharge Order.  LeMons and her daughter did not have a meritorious claim because the deadline for filing non-dischargeability complaints had long passed, and LeMons presented no grounds to avoid or toll the filing deadline.  On this basis alone, the Bankruptcy Court's decision was not an abuse of discretion.  Ellingsworth, 665 F.2d at 184.

Furthermore, this Court cannot say that the Bankruptcy Court abused its discretion or was clearly erroneous in concluding that LeMons did not demonstrate excusable neglect.  The factors for determining excusable neglect include: (1) prejudice to the debtor, (2) the length of the delay and its impact on the judicial proceedings, (3) the reason for the delay including whether the reason was within the control of the movant, and (4) whether the movant acted in good faith.  Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993).  Clearly, there is prejudice to Sven if he must defend a non-dischargeability action that otherwise would be barred.  The length of the delay from November 2005,

24

to March 2006, arguably, was not significant.  The delay, however, was well within the control of LeMons.  She could have filed her § 523(a)(6) non-dischargeability action at any time.  The reason she waited was unclear to the Bankruptcy Court and is still unclear to this Court.  The Court assumes, however, that LeMons and her counsel acted in good faith.  Viewing all these factors, the Court is not convinced that the Bankruptcy Court made a mistake in finding no excusable neglect.

Moreover, in cases after Pioneer Investment, the Seventh Circuit has drawn a distinction between parties who have made negligent mistakes in attempting to protect their interests, and parties who did nothing to protect their interests.  Robb v. Norfolk & Western Ry. Co., 122 F.3d 354, 359-60 (7th Cir. 1997).  The Seventh Circuit has found that those who were inattentive to on-going litigation and slept on their rights are not entitled to Rule 60(b) relief for excusable neglect.  Id.; Matter of Plunkett, 82 F.3d 738, 742 (7th Cir. 1996).  The Bankruptcy Court concluded that LeMons and her attorneys were inattentive to Sven's on-going bankruptcy, "For reasons unknown to the Court, the victims and their attorneys took no action to preserve the victims' rights in this case."  Opinion, at 11.  Based on the record presented, the Court cannot conclude that this decision was

either clearly erroneous or an abuse of discretion.

THEREFORE, The Decision of the Bankruptcy Court is AFFIRMED.

This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   December 13, 2006.

FOR THE COURT:

_____s/  Jeanne E. Scott_____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE